BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

THOMAS R. GREEN  (CABN 203480)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, CA 94612
    Telephone: (510) 637-3695
    Fax: (510) 637-3724
    E-Mail: Thomas.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  CR 15-00587 HSG |
| Plaintiff, | ORDER DETAINING DEFENDANT JACKAR LOVE PENDING TRIAL |
| v. | |
| JACKAR LOVE, | |
| Defendant. | |

    The United States has charged defendant Jackar Love in a one-count indictment with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).  The United States moved for defendant's detention pursuant to 18 U.S.C. § 3142, and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f).  Defendant requested a full bail study by Pretrial Services, which submitted two reports to the Court and its recommendation that no combination of conditions in 18 U.S.C. § 3142(c) would reasonably assure either the appearance of defendant as required or the safety of any other person and he community.  See 18 U.S.C. §§ 3142(e) and (f); United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).

Order Detaining Defendant
CR 15-00587 HSG

1    The Court heard arguments from the United States and the defendant regarding both flight risk
2 and danger to the community on January 5, 2016 and January 11, 2016.  On January 11, 2016, following
3 a hearing pursuant to 18 U.S.C. § 3142(f), and considering the Pretrial Services reports and
4 recommendations, the indictment filed in this case, and the factors set forth in 18 U.S.C. §3142(g), the
5 Court ordered defendant detained, as no condition or combination of conditions in 18 U.S.C. § 3142(c)
6 will reasonably assure the appearance of defendant as required and the safety of any other person and
7 the community.  The Court determined that the United States had met its burden of proving both that
8 defendant was a sufficient flight risk and that defendant was a sufficient safety risk to the community to
9 warrant detention pending trial.

10    In finding that the United States had established that no set of conditions could mitigate the risk
11 of non-appearance, the Court noted defendant's poor record while on state parole, including the fact that
12 an arrest warrant was issued in February 2015 for defendant's absconding.  The Court also noted that
13 parole records demonstrated that defendant had failed to complete multiple parolee programs, which
14 conflicted with the defendant's characterization of his record on parole.

15    In finding that the United States had established that no set of conditions could reasonably assure
16 the safety of the community, the Court noted that defendant's prior felony conviction, for Second
17 Degree Robbery in violation of California Penal Code § 211, included an allegation that defendant used
18 a firearm in committing the crime.  Though defendant asserted that the firearm use was not proved or
19 admitted, the Court noted that the five year sentence defendant received for the offense reflected the
20 seriousness of the crime.  Since defendant is now charged with a new firearm offense, only a little more
21 than a year after his release for Second Degree Robbery, the United States has meet its burden regarding
22 the risk of danger to the community.

23 //
24 //
25 //
26 //
27 //
28

Order Detaining Defendant
CR 15-00587 HSG                                     2

ORDER

For the reasons stated on the record during the detention hearings and further stated in this Order, Defendant is ordered detained as no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the appearance of defendant as required or reasonably assure the safety of any other person and the community.

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. See 18 U.S.C. § 3142(i)(2). Defendant must be afforded a reasonable opportunity to consult privately with counsel. See 18 U.S.C. § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver defendant to the United States Marshal for a court appearance. See 18 U.S.C. § 3142(i)(4).

IT IS SO ORDERED.

DATED: January 14, 2016

HON. DONNA M. RYU
United States Magistrate Judge